**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003146
15-OCT-2015
08:10 AM**

NO. CAAP-13-0003146

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAURA KUROIWA, Defendant-Appellant and
GWENDOLYN DELA SIERRA, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0776)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Laura Kuroiwa (**Kuroiwa**) appeals from the Judgment of Conviction and Probation Sentence entered on August 2, 2013 (**Judgment**), in the Circuit Court of the First Circuit (**Circuit Court**),[1] convicting her of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014),[2] and Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5 (2010).[3]

---

[1]     The Honorable Karen S.S. Ahn presided.

[2]     HRS § 712-1243 provides, in relevant part:  "A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."

[3]     HRS § 329-43.5 provides, in relevant part:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate,

(continued...)

On appeal, Kuroiwa argues that the Circuit Court erred in denying Defendant's Motion to Suppress Evidence and Dismiss Complaint (**Motion to Suppress**), and challenges the Circuit Court's Findings of Fact (**FOFs**) 1-5 and Conclusions of Law (**COLs**) 1-3, which were set forth in the Circuit Court's March 18, 2013 Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Suppress Evidence and Dismiss Complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kuroiwa's contentions as follows:

Kuroiwa's challenges to the Circuit Court's FOFs are without merit. The record in this case includes substantial evidence to support each of the court's FOFs, specifically the testimony of Officers Maddock and Tomita, and Borthwick Mortuary's gardener. To the extent that conflicting testimony was presented in some instances, such conflicts present issues concerning credibility and the weight of the evidence, which are in the province of the trial court. See, e.g., In re Jane Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001); State v. Patterson, 58 Haw. 462, 468, 571 P.2d 745, 749 (1977).

To the extent that the Circuit Court's COLs present mixed questions of fact and law, the court's conclusions are dependent upon the facts and circumstances of this case and we review them under the clearly erroneous standard; the court's interpretation of the applicable law nevertheless remains freely reviewable. See, e.g., State v. Roman, 119 Hawai'i 468, 477, 199 P.3d 57, 66 (2008). Here, the factual determinations within the Circuit Court's COLs are supported by substantial evidence in the record.

---

[3](...continued)
cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

Kuroiwa's legal argument remains, however, that Officer Tomita conducted an illegal search and seizure of the pipe because he did not have a warrant, and no warrant exception applies here because Kuroiwa was on private property and thus had a reasonable expectation of privacy.

"A 'search' implies that there is an exploration for an item or that the item is hidden." State v. Meyer, 78 Hawai'i 308, 312, 893 P.2d 159, 163 (1995) (citing State v. Hanawahine, 50 Haw. 461, 465, 443 P.2d 149, 152 (1968)). "However, neither factor is present in open view . . . observations," thus such observations do not involve "a search in the constitutional sense." Id. at 312, 893 P.2d at 163 (citation omitted). "In other words, neither open view nor plain view observations involve an invasion of an individual's reasonable expectation of privacy." Id. (citations omitted). An "open view" observation is one that

> takes place from a non-intrusive vantage point. The governmental agent is either on the outside looking outside or on the outside looking inside [at] that which is knowingly exposed to the public. The object under observation is not within the scope of the constitution.

Id. at 313, 893 P.2d at 164 (quoting State v. Kaaheena, 59 Haw. 23, 28-29, 575 P.2d 462, 466-67 (1978)).

In State v. Hook, 60 Haw. 197, 201, 587 P.2d 1224, 1227 (1978), a police officer observed marijuana plants beside a staircase in an alleyway on private property that were not shielded from public view. The Hawai'i Supreme Court held that the "total lack of concealment or isolation from the view or grasp of persons in the common area negated any reasonable expectation of privacy on the part of appellee." Id. (citation omitted). As such, the plants were not in a constitutionally protected area and were subject to summary seizure as contraband. Id.

Here, although the parking lot of Borthwick Mortuary was private property, the pipe that Kuroiwa was holding as she sat on a curb in the parking lot was viewable by the public from

the sidewalk outside the parking lot, and was in fact openly viewed from that vantage point by Officer Tomita. Thus, Kuroiwa had no reasonable expectation of privacy and no warrant or exigent circumstances were required for the officer's seizure of the pipe.

Accordingly, the Circuit Court's August 2, 2013 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 15, 2015.

On the briefs:

Richard S. Kawana
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge